**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**BRANDON SMITH**                                                                 **PLAINTIFF**

**V.**                                                                 **NO. 3:21-CV-136-DMB-RP**

**GOODMAN ROAD 1990
CENTER, LLC**                                                                 **DEFENDANT**

## ORDER

 Brandon Smith brought this action against Goodman Road 1990 Center, LLC, alleging violations of the Americans with Disabilities Act based on the facilities at a gas station. After Smith moved for summary judgment on his claims, Goodman moved to dismiss for lack of subject matter jurisdiction, arguing that its subsequent corrective accessibility measures rendered Smith's claims moot. Because the challenged conditions at the gas station cannot reasonably be expected to recur, this Court lacks jurisdiction.

## I
## Procedural History

 On June 17, 2021, Brandon Smith filed a complaint in the United States District Court for the Northern District of Mississippi against Goodman Road 1990 Center, LLC, seeking declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") as well as "attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205 and an award of monitoring fees associated with insuring that [Goodman] is in compliance with the ADA." Doc. #1. Smith alleges that he has a disability which requires him to use a wheelchair; he visited an Exxon located at 1990 Goodman Road East in Southaven, Mississippi; Goodman "is the owner, lessor, and/or operator/lessee of the real property and improvements" ("Property"); and Goodman "discriminated against [him] (and

others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv)." *Id.* at 2–5.

Smith filed a motion for summary judgment on March 10, 2022.[1] Doc. #33. The same day, Goodman filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting Smith's claims are moot because "modifications were made to [its] facility so that it is now in full compliance with ADA requirements."[2] Doc. #35.

## II
## Jurisdiction

Motions under Rule 12(b)(1) challenge a court's subject matter jurisdiction. Generally, "[w]hen facing a challenge to subject-matter jurisdiction and other challenges on the merits, [a court] must consider first the Rule 12(b)(1) jurisdictional challenge prior to addressing the merits of the claim." *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014). Thus, the Court will address Goodman's motion to dismiss before Smith's motion for summary judgment.

### A. Relevant Standard

"In assessing whether there is jurisdiction, courts may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Joiner v. United States*, 955 F.3d 399, 403 (5th Cir. 2020). Where, as here, "the defendant submits affidavits, testimony, or other evidentiary materials" in support of the motion, the attack is considered

---

[1] Goodman filed an untimely response, Doc. #39, and Smith did not reply.
[2] The motion to dismiss is fully briefed. Docs. #36, #38, #41.

factual and "a plaintiff must prove the existence of subject-matter jurisdiction by a preponderance of the evidence and is obliged to submit facts through some evidentiary method to sustain his burden of proof." *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (internal quotation marks omitted). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in the same forum or in another. *See Lopez v. Pompeo*, 923 F.3d 444, 447 & n.2 (5th Cir. 2019).

### B. Alleged ADA Violations

Smith alleges ADA violations based on his June 2021 visit to the Property. Doc. #1 at 2. The alleged violations are in three separate categories: (1) "Accessible Routers/Parking (Exterior)" (2) "Interior," and (3) "Maintenance Practices." *Id.* at 6–7. With respect to parking, Smith alleges that "[t]here is no van accessible parking identified as such with upright 'Van Accessible' signage;" "[t]here is no visible upright signage (displaying the International Symbol of Accessibility) designating any parking spaces as accessible;" "none of the parking spaces within the parking facility are level but have a severe downward slope;" and "[t]he purported accessible aisle does not adjoin the ramp on the purported accessible route to the entrance of the business." *Id.* at 6. In the interior category, Smith alleges that "[t]he sales counter exceeds the maximum allowable height of 36 inches from the finish floor." *Id.* And with respect to maintenance practices, Smith alleges that Goodman

> has a practice of failing to maintain the accessible elements [and features] at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements June [sic] be discovered and remediated.

*Id.* at 7.

## C.  Analysis

In its motion to dismiss, Goodman argues that because "modifications were made to [the Property] so that it is now in full compliance with ADA requirements," Smith's claims are moot. Doc. #35 at 1; *see* Doc. #36 at 2 (arguing Smith's "claims are moot as all property conditions that allegedly failed to meet ADA accessibility standards, including additional items not referenced in the Complaint, have been addressed."). In support, Goodman relies on the opinion of its expert, Richard Hinrichs, that its "property and facilities now are in compliance with all ADA accessibility standards." Doc. #36 at 3 (citing Doc. #35-3 at ¶¶ 4–5).

Smith does not dispute that the Property is now ADA-compliant.  Rather, Smith argues that his claims are not moot because Goodman has not satisfied its burden of showing "it is absolutely clear that the Property will remain ADA-compliant and that previous ADA violations will not recur" because Goodman has not provided "a scintilla of evidence of continued or future compliance" or "documentation or other evidence demonstrating that it has adopted policies and procedures to ensure that the Property will remain ADA-compliant." Doc. #38 at 1.

Goodman replies that addressing the "majority of [the accessibility issues] required permanent physical modifications, which courts consistently hold are illogical and impractical to undo, thereby satisfying courts that a recurrence of noncompliance is unlikely." Doc. #41 at 1. Goodman also argues the affidavit of Jim Yawn, a Goodman area manager, supports that it "has every intention and interest in maintaining its current, fully ADA compliant status." *Id.* at 2.

"Article III's 'case or controversy' requirement permits federal courts to adjudicate only live disputes—a party must retain a legally cognizable interest in the outcome of an issue, or its resolution is moot." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 548 (5th 2020) (internal quotation marks omitted). To determine mootness, the "central question is whether decision of a once-

4

living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties." *Id.* (cleaned up).

> In general, a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice, even in cases in which injunctive relief is sought. That general rule is not absolute, but voluntary cessation of challenged conduct moots a case only if it is *absolutely* clear that the allegedly wrongful behavior could not be reasonably expected to recur.

*Speech First, Inc. v. Fenves*, 979 F.3d 319, 328 (5th Cir. 2020) (cleaned up). "Under [Fifth C]ircuit precedent, the voluntary cessation exception [to the mootness doctrine] can be triggered only when there is a reasonable expectation that the challenged conduct will be repeated following dismissal of the case." *Am. C.L. Union of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 56 (5th Cir. 2013). On this point, *Dalton v. JJSC Properties, LLC*, a case cited by Goodman,[3] is instructive.

In *Dalton*, Aaron Dalton brought ADA claims against JJSC Properties based in part on parking lot conditions, including lack of "signage for an accessible parking spot" and "painted lines marking an accessible parking spot." *Dalton v. JJSC Properties, LLC*, No. 1:19-cv-522, 2019 WL 3802893, at *1 (D. Minn. Aug. 13, 2019). JJSC moved to dismiss "arguing the claims … [were] moot because it ha[d] remedied the barriers to accessibility that Dalton identified." *Id.* at *4. JJSC submitted photographs showing the modifications that were made to the parking lot. *Id.* It also submitted an affidavit from the manager of the property in question attesting that "Dalton's Complaint was JJSC's first notice of any alleged ADA violations;" "JJSC takes ADA compliance seriously, and … quickly took steps to remedy the complained-of issues;" and "JJSC intends to maintain [its retained expert's] recommendations in the future as well as to stay abreast of applicable ADA requirements and evaluate the Property on a regular basis to ensure

---

[3] *See* Doc. #36 at 4.

continued ADA compliance." *Id.* at *4–5. Based on this evidence, the district court concluded Dalton's claims were moot and dismissed them for lack of subject matter jurisdiction. *Id.* at *5, *8.

On appeal, the Eighth Circuit found "[t]he district court properly concluded that Dalton's Accessible Parking claim [was] moot[ because] JJSC submitted photographs, schematics, and affidavits showing that it had remedied Dalton's concerns." *Dalton v. JJSC Properties, LLC*, 967 F.3d 909, 914 (8th Cir. 2020). Since the case had been removed to federal court, the Eighth Circuit "vacate[d] the district court's judgment dismissing Dalton's complaint and instruct[ed] the [district] court to remand th[e] case to state court." *Id.*

Here, like in *Dalton*, the undisputed evidence shows the ADA violations raised in Smith's complaint have been remedied and the Property is now ADA-compliant. Also like in *Dalton*, Yawn attests that Goodman always intended "for the facility to be in full compliance with the [ADA];" until Hinrichs' report, Goodman "never had … a detailed explanation of what the ADA requires;" Goodman "spent thousands of dollars on expert fees, construction costs to modify the facility to achieve ADA compliance, and attorneys' fees;" and Goodman is "committed to using that report to maintain full ADA compliance going forward." Doc. #39-1. Based on the time and money Goodman expended in bringing the Property into ADA compliance and Yawn's affidavit that Goodman is committed to maintaining compliance, the Court concludes that the now-remedied violations are not likely to recur.[4] Accordingly, Smith's claims are moot and this Court lacks jurisdiction. *See Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 571 (5th Cir. 2018) (defendant's modification of challenged conditions, even after trial, rendered ADA declaratory and injunctive relief claims moot); *Smith v. Stateline*

---

[4] Smith cites *Johnson v. Tackett*, 272 F. Supp. 3d 1198 (E.D. Cal. 2017), to argue his claims are not moot. Doc. #38 at 4. However, there is no indication the *Johnson* court considered an affidavit similar to Yawn's evidencing the commitment to maintaining ADA compliance.

*Rd. W. Ctr., LLC*, No. 3:21-cv-62, 2022 WL 4543181, at *3 (N.D. Miss. Sept. 28, 2022) ("[D]istrict courts routinely dismiss ADA accessibility claims if the defendant corrects the property conditions at issue, and these dismissals are frequently affirmed by the United States Courts of Appeal.") (collecting cases).

### III
### Summary Judgment

Having determined this Court lacks subject matter jurisdiction because Smith's claims are now moot, Smith's motion for summary judgment will be denied as moot.

### IV
### Attorney's fees

In its motion to dismiss the complaint, Goodman also asserts that Smith's "counsel is not entitled to an award of attorneys' fees or costs." Doc. #35. He argues that Smith "has not achieved any judicially sanctioned result that could make [him] a prevailing party." Doc. #36 at 8. Smith counters that because Goodman's "burden to establish mootness [as to the ADA claims] is much more stringent than simply making repairs" his "claim for attorneys' fees is not moot." Doc. #38 at 5.

> To be entitled to attorneys' fees under the ADA, a plaintiff must be the prevailing party. [The Fifth Circuit has] said that this requires three interrelated showings: (1) the plaintiff must achieve judicially-sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered.

*Miraglia*, 901 F.3d at 576 (cleaned up).

Here, Smith does not present any argument regarding his entitlement to attorney's fees if the Court determined his ADA claims were moot. Because the Court has determined all of Smith's claims are moot and due to be dismissed, Smith is not a prevailing party. *Cf. id.* at 576–77 (plaintiff may be entitled to attorneys' fees even though equitable claims were dismissed as

moot because the district court "retained jurisdiction over the claims to ensure compliance," "followed through on its retention of jurisdiction," and "[t]he effect of the court's retention of jurisdiction was the same as a limited injunction"). Accordingly, he is not entitled to an award of attorney's fees.

## V
## Conclusion

Goodman's motion to dismiss [35] is **GRANTED**. Smith's motion for summary judgment [33] is **DENIED as moot**. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SO ORDERED**, this 20th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**